UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS HANDY, JR., ET AL.                                          CIVIL ACTION

VERSUS                                                                      NO. 15-755

OWENS CORNING CORP., ET AL.                                    SECTION "K"(2)

ORDER AND REASONS

Before the Court is an Emergency Motion to Remand (Doc. 7) filed by Thomas Handy,

Jr., Sandra Handy and Thomas Handy, III ("Plaintiffs").   Oral argument occurred on April 8,

2015, at which time a number of factual issues which could bear on the Court's determination of

whether it had diversity jurisdiction over this matter became known to the Court.  The Court

ordered additional briefing as well as evidentiary proof to be filed.  As a result of this additional

briefing, the Court finds for the reasons that follow that it lacks diversity jurisdiction and this

matter must be remanded.


Background

Plaintiff Thomas Handy, Jr. suffers from malignant adenocarcinoma of the lung allegedly

caused by his occupational exposure to asbestos.  He brought negligence and product liability

claims against the manufacturers, suppliers, and installers of the asbestos products to which he

was exposed, including Ferguson Enterprises, Inc., as successor in interest to LUSCO (Louisiana

Utilities Supply Company) ("Ferguson").  On the day of trial, after plaintiff had allegedly settled

and/or dismissed all non-diverse defendants, Ferguson removed this matter to this Court.

Plaintiffs filed this Emergency Motion to Remand contending that diversity was not

present because the settling defendants had not been actually dismissed from the suit. During

oral argument, it became clear that in order for the Court to rule on plaintiffs' initial contention, the Court needed to review the settlement documents that were not in the record and ordered them produced.  However, during the hearing, two new arguments were raised by plaintiffs which also required briefing as these had not been raised in the initial papers.

Specifically, plaintiffs opined that diversity did not exist because one non-diverse defendant had been dismissed by the state court on a motion for summary.  As such, plaintiffs contended that because of the involuntary nature of that judgment, Ferguson's removal was improper.  A second, more compelling argument was also raised.  Plaintiffs mentioned for the first time that there was a named nondiverse, unserved defendant,  that being Seaglen Corporation, as successor in interest to P. Thompson Tool and Supply Company ("Seaglen").  As such, plaintiffs contended that diversity jurisdiction does not exist.  The Court agrees with this argument.

As background, pursuant to La. Code of Civ. Proc. art. 1201, plaintiffs requested service on Seaglen on June 2, 2014; however, it was returned as unserved.  On July 18, 2014, plaintiffs had a private process server appointed in order to attempt service of the Original Petition for Damages and the First Amending and Supplemental Petition for Damages. (Doc. 22-4). Apparently, that service was not perfected as the agent for service of process had recently passed away.  Seaglen was eventually served on April 10, 2015,  with the state court pleadings after this suit had been removed to federal court.

Section 1441(b)(2) of Title 28 of the United States Code provides:

> (b) **Removal based on diversity of citizenship.**
> (2) A civil action otherwise removable solely on the basis under section 1332(a) of this title may not be removed if any of the parties in interest

properly joined and served as defendants is a citizen of the State in which such
action is brought.

28 U.S.C. § 1441(b)(2).   The Louisiana Code of Civil Procedure requires that "service of the

citation shall be requested on all named defendants within ninety days of commencement of the

action."   La. Code Civ. Proc. 1201(C). Furthermore, subsection (D) provides, "If not waived, a

request for service of citation upon the defendant shall be considered timely if requested on the

defendant within the time period provided by this Article, notwithstanding insufficient or

erroneous service."

As to the effect of non-service on removability of a suit, the Supreme Court stated in

*Pullman Co. v. Jenkins*, 305 U.S. 534 (1939):

> [W]here a non-separable controversy  involves a resident defendant [  ], the fact
> that the resident defendant has not been served with process does not justify
> removal by the non-resident defendant  It may be said that the non-resident
> defendant may be prejudiced because his co-defendant may not be served.  On the
> other hand there is no diversity of citizenship and the controversy being a non-
> separable one, the non-resident defendant should not be permitted to seize an
> opportunity to remove the cause before service upon the resident co-defendant is
> effected.

*Id.* at 541 (citations omitted).  Thus, "[t]he law is clear that the citizenship of all named

defendants, *whether served with process or not,* must be considered in determining whether

complete diversity exists, thereby providing a jurisdictional basis for removal to under 28 U.S.C.

§ 1441." *Ott v. Consolidated Freightways Corp. of Delaware*, 213 F.Supp.2d 662, 664 (S.D.

Miss. 2002)."  The *Ott* court continued:

> That is to say, "an action based on state law cannot be removed to federal district
> court if any nondiverse defendant is joined in the complaint, even if the
> nondiverse defendant was never served." *Worthy v Schering Corp.*, 607 F.Supp.
> 653, 655 (E.D.N.Y. 1985);  *see also Workman v. National Supaflu Systems, Inc.*,
> 676 F.Supp. 690, 692 (1987)(stating that removal is improper, in a case . . . where
> a non-served resident defendant would defeat diversity and the resident defendant

has not been formally dropped from the action proper (sic) to removal."); 14B
Charles Alan Wright, Arthur R Miller & Edward H. Cooper, *Federal Practice
and Procedure* §3723, at 624-25 3d. 1998 (where nondiverse defendant has been
named bu not served the case may not be removed until that party has been
dismissed from the case).

*Id.* Ferguson makes much of the fact that plaintiffs were proceeding to trial without the presence

of Seaglen arguing that plaintiffs had abandoned their claim in light of the posture of the case at

the time of removal; however, the Court finds such argument as unavailing in light of the

foregoing jurisprudence in addition to the fact that defendant did not cite any Fifth Circuit law

supporting it contention.

As such, the Court finds that the Court lacks diversity jurisdiction and this matter must be

remanded pursuant to 28 U.S.C. § 1447(c) to Civil District Court for the Parish of Orleans, State

of Louisiana.  Accordingly,

**IT IS ORDERED** that the Emergency Motion to Remand (Doc. 7) filed by Thomas

Handy, Jr., Sandra Handy and Thomas Handy, III is **GRANTED** and pursuant to 28 U.S.C. §

1447(c) this matter is **REMANDED** to Civil District Court for the Parish of Orleans, State of

Louisiana.

New Orleans, Louisiana, this 28th day of May,  2015.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**